STATE OF MAINE
ANDROSCOGGIN, ss

SUPERIOR COURT
DOCKET NO. CV-19-59

Steven V. Hammerton *and*
Candice Hammerton,

    *Plaintiffs,*

v.

B & M Developers, Inc., d/b/a
Bouffard McFarland Builders,

    *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)

**Order on Defendant's
Summary Judgment Motion**

Before the Court is Defendant's Motion for Summary Judgment. Because there is a genuine issue of material fact, Defendant's Motion is denied.

### Factual Background

The following facts are undisputed. Defendant B&M Developers/Bouffard McFarland Builders designed and built a home for Plaintiffs Steven and Candice Hammerton which includes a screened back deck with stairs leading to the yard. Defendant's Statement of Material Facts [DSMF] ¶ 1 - 4; Plaintiff's Opposing Statement of Material Facts [POSMF] ¶ 1. A screened door must be opened inward in order to access the stairs, which lie only a few inches from the threshold of the door. DSMF ¶¶ 5-6. Both parties acknowledge that the stairs did not have a handrail when Plaintiffs moved in. DSMF ¶ 7, POSMF ¶ 7. Approximately four months after moving in, Mr. Hammerton fell on the back steps while cradling his dog under his right arm. DSMF ¶¶ 12, 14; POSMF ¶¶ 12, 14.

Plaintiffs installed a handrail on the stairs sometime after Mr. Hammerton's fall. (DSMF ¶ 15; POSMF ¶ 15.) Nonetheless, Mr. Hammerton fell again on the back steps; he was not carrying his dog this time. (DSMF ¶ 16-17; POSMF ¶ 16.) Although he grabbed for the new handrail when

1

he fell, Mr. Hammerton was again injured. (DSMF ¶ 18.) Plaintiffs allege that the handrail mitigated Mr. Hammerton's injuries from the second fall. (PSAF ¶ 52.)

The parties agree that the applicable building codes required a handrail on the stairs when Plaintiffs moved into the home. (DSMF ¶¶ 9, 22; POSMF ¶¶ 8.) The parties dispute whether the code required one or two handrails, who was required to install the handrail, and whether the presence of any handrail would have prevented Mr. Hammerton's injuries.

Plaintiffs' complaint alleges negligence, breach of implied warranty of workmanship, and loss of consortium for Ms. Hammerton. Defendant argues that it is entitled to summary judgment because there is no evidence the absence of a handrail was a cause of Mr. Hammerton's injuries.[1]

## Summary Judgment Standard

Summary judgment is appropriate when review of the statements of material facts and the record to which the statements refer, demonstrates that there is no genuine issue as to any material fact in dispute. *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821; M.R. Civ. P. 56(c). A contested fact is "material" if it could potentially affect the outcome of the case. *Id.* A "genuine issue" of material fact exists if the claimed fact would require a factfinder to "choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (quotations omitted). To survive a motion for summary judgment, the plaintiff must establish a prima facie case for every element of the plaintiff's cause of action. *See Savell v. Duddy*, 2016 ME 139, ¶ 18, 147 A.3d 1179. The court reviews the evidence in the light most favorable to the non-moving party. *Id.*

## Discussion

A negligence claim requires the plaintiff to show that the defendant's breach of a duty of care was the proximate cause of injury. *E.g., Merriam v. Wanger*, 2000 ME 159 ¶ 8, 757 A.2d

---

[1] Plaintiffs argue that this court's order from February denying Defendant's first motion for summary judgment is law of the case; it is not. That order was based solely on ruling that caveat emptor did not apply as a general doctrine to all vendors of homes.

2

778. Generally, proximate cause is a question of fact for the jury and is "that cause which, in a natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the result would not have occurred." *Id.* at ¶ 8, quoting *Searles v. Trustees of St. Joseph's College*, 1997 ME 128 ¶8, 695 A.2d 1206, 1209.

> Causation need not be proved directly but may be inferred if the inference flows logically from the facts and is not unduly speculative. *See Marcoux v. Parker Hannifin/Nichols Portland Div.*, 2005 ME 107, ¶¶ 25-26, 881 A.2d 1138; *Rodrigue v. Rodrigue*, 1997 ME 99, ¶¶ 14-15, 694 A.2d 924. If, however, "there is so little evidence tending to show that the defendant's acts or omissions were the proximate cause of the plaintiff's injuries that the jury would have to engage in conjecture or speculation in order to return a verdict for the plaintiff," then the defendant is entitled to summary judgment. *Addy v. Jenkins, Inc.*, 2009 ME 46, ¶ 12, 969 A.2d 935 (quotation marks omitted).

*Estate of Smith v. Salvesen*, 2016 ME 100, ¶ 21, 143 A.3d 780, 786-787. Although they may not speculate, jurors may draw "reasonable inferences based on their own experience as to whether a particular act . . . is a proximate cause of an injury." *Tolliver v. DOT*, 2008 ME 83, ¶ 42, 948 A.2d 1223. The Law Court has concluded in a number of cases that "an inference of causation was *not* unduly speculative when the evidence was sufficient for a fact-finder to determine that the plaintiff came into direct contact with an allegedly dangerous condition created by the defendant". *Salvesen*, 2016 ME 100, ¶ 23, 143 A.3d at 786-787.

Here, Defendant argues it would be "pure speculation" to find that the absence of a handrail caused Mr. Hammerton's fall, underscoring that he fell again later and the handrail did not prevent him from suffering injury. Defendant argues that multiple factors could also have caused Mr. Hammerton's fall, including that: the deck was wet with dew or frost; he was wearing flip flops; and that he fell at the top of the stairs rather than on the actual stairs themselves.

In response, the Plaintiffs point out that handrail requirements are safety codes designed to prevent the very sort of fall suffered by the Plaintiff. Plaintiffs argue that had the required handrails been installed, Mr. Hammerton could have either reached out for the handrail to prevent/mitigate

3

his fall, or used the handrail to steady himself as he went down the stairs. The Plaintiffs also argue that the second fall after a handrail was installed supports causation, because the new handrail mitigated his injuries then.

Upon viewing the facts in the light most favorable to the Plaintiffs, there are genuine issues of fact material to the issue of causation. For one, the presence of dew or frost is contested by the Plaintiffs. (POSMF ¶ 14.) In addition, there is an issue whether the absence of *any* rail caused Mr. Hammerton to suffer injuries more severe than that which he would have suffered had the handrail been installed, even if it would not have prevented a fall. The parties also dispute whether one or two handrails were required under the applicable building codes, which impacts whether holding his dog was a factor in Mr. Hammerton's ability to grasp the handrail. As such, there is a genuine issue of material fact on the necessary element of causation and summary judgment is not appropriate under the circumstances.

This conclusion means that summary judgment will be denied on all counts, as proximate cause is an element of all claims.[2]

The entry is: Defendant's Motion for Summary Judgment is denied. This order may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated: Oct 28, 2020

Valerie Stanfill
Justice, Maine Superior Court

---

[2] A breach of warranty claim requires proof that the defendant's failure to construct the home is a reasonably skillful and workmanlike manner caused the plaintiff's injuries. *See Wimmer v. Down East Properties, Inc.*, 406 A.2d 88, 93 (Me. 1979). Ms. Hammerton's loss of consortium claim is, of course, derivative of Mr. Hammerton's claim. 14 M.R.S. § 302; *see Hardy v. St. Clair*, 1999 ME 142, ¶ 12, 739 A.2d 368.

4

|  |  |  |
|---|---|---|
| STEVEN V. HAMMERTON and | ) | |
| CANDICE HAMMERTON | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER ON DEFENDANT'S** |
| | ) | **MOTION FOR SUMMARY** |
| v. | ) | **JUDGMENT** |
| | ) | |
| B & M DEVELOPS, INC. d/b/a | ) | |
| BOUFFARD McFARLAND | ) | |
| BUILDERS, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant's Motion for Summary Judgment. It is undisputed that Defendant built a custom home for Plaintiffs on land Plaintiffs owned. When the home was turned over to Plaintiffs, there was no railing on the deck stairs, a fact Defendant apparently acknowledged at the time would or should be remedied. Some four months later there was no railing, and Mr. Hammerton fell on the stairs and injured himself.

Defendant believes this case falls within the doctrine of *caveat emptor*, and therefore, it had no duty to prevent the Plaintiff's injuries. For the following reasons, the Defendant's motion is denied.

Summary judgment is granted when "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. City Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). To survive a defendant's motion for summary judgment, the plaintiff must establish a prima facie case

1

for every element of the plaintiff's cause of action. *See Savell v. Duddy*, 2016 ME 139, ¶ 18, 147 A.3d 1179.

On summary judgment, the court considers specific facts and any reasonable inferences that may be drawn from the facts. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18. Additionally, the nonmoving party benefits from all "favorable inferences that may be drawn from the facts presented." *Id.* (quotation marks omitted). "When facts or reasonable inferences are in dispute on a material point, summary judgment may not be entered." *Id.*

Defendant first argues—pursuant to the doctrine of *caveat emptor*—it did not owe a duty to Plaintiffs because Plaintiffs were aware of the stairs' patently defective condition and decided to take possession of the home anyway. Absent a duty to Plaintiffs, Defendant argues summary judgment must be granted as to Count 1, Mr. Hammerton's negligence claim. The court disagrees.

Maine courts have not applied the doctrine of *caveat emptor* to builder-vendors; rather, builder-vendors do have a duty to the purchaser. *See Wimmer v. Down East Properties, Inc.*, 406 A.2d 88, 93 (Me. 1979) ("[n]o satisfactory reason appears for applying a rule of caveat emptor in the sale of new houses by a builder-vendor."). *See also Gosselin v. Better Homes, Inc.*, 256 A.2d 629, 639 (Me. 1969); *Parsons v. Beaulieu*, 429 A.2d 214, 218 (Me. 1981). Further, the Court is unpersuaded by the Defendant's assertion that this case properly falls under the purview of §352 of the Restatement (Second) of Torts. Builder-vendors are distinguished from sellers of land in a critical aspect: sellers of raw land do not have a duty to ensure the land they are selling meets the requirements under a set of regulations, such as building codes. A seller of land is not creating a product to sell. Builder-vendors sell highly complex structures that must meet certain standards. The court disagrees that a builder-vendor cannot be held liable for incomplete work that creates a foreseeable risk of injury even after it fails to keep its promise to come back and remedy the

2

problem it created by failing to complete its work. Allowing builder-vendors to build incomplete homes—which are not built to code—and then escape liability because they pointed out the aspects of the home that were potentially dangerous would circumvent the building codes which are in place to ensure people are buying safe homes.

Plaintiffs have shown both that there is a duty and that there are facts from which one could find Defendant liable.[1] Summary judgment is denied as to Count 1.

The motion is also denied as to Counts II and III. Count II is a loss of consortium claim; Defendant's only argument is that summary judgment on Count 1 necessarily leads to summary judgment on the derivative claim. Having denied summary judgment as to Count I, it is also denied as to Count II. Finally, Plaintiffs have provided a prima facie case that Defendant breached its implied warranty of workmanlike performance and therefore Defendant's motion as to Count III is also denied.

The entry is: Defendant's Motion for Summary Judgment is denied. Pursuant to M.R. Civ. P. 79(a) the Clerk is hereby directed to incorporate this Order by reference in the docket.

Date: 2/19/2020

Valerie Stanfill
Justice, Superior Court

---

[1] Comparative negligence, of course, remains an issue.

3